NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| EDDIE JOHNSON | : | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | : | **OPINION** |
| v. | : | Civil Action No. 07-4978(DMC) |
| JOHN E. POTTER, Post Master General, CHRISTOPHER CHRISTIE, U.S. Attorney, U.S. POSTAL SERVICES, et als., FRANK BONGIOVANNI, individually, EMILIO P. MILITO, individually, SOO-D. DRAYTON, individually, TOMMY THOMAS, individually, NATIONAL POSTAL MAIL HANDLERS UNION, et als., | : | |
| Defendants. | : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motions by Defendants John E. Potter, Postmaster General ("Potter"),U.S. Postal Service ("Postal Service"), Frank Bongiovanni ("Bongiovanni"), Delphine Drayton[1], ("Drayton") and Tomy Thomas[2] ("Thomas"), collectively "Postal Defendants" and Defendants National Postal Mail Handlers Union ("the Union") and Emilio P. Milito ("Milito"), collectively "Union Defendants" to dismiss Plaintiff Eddie Johnson's ("Plaintiff") Complaint pursuant to Rule 12(b)(6) or in the alternative for summary judgment pursuant to Rule 56. Plaintiff moved to extend the time to oppose Defendants' motions because of his *pro se* status. Pursuant to

---

[1]Defendant Drayton was improperly pled as Soo-D Drayton.

[2]Defendant Thomas was improperly pled as Tommy Thomas.

Rule 78 of the Federal Rules of Civil Procedure no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Defendants' motions to dismiss are **granted** and Plaintiff's motion for extension of time to file opposition to Defendants' motions is **moot**, as this Court has considered all submissions by the parties.

I.    <u>BACKGROUND</u>

Plaintiff brings the subject lawsuit to vindicate violations of his Constitutional rights as he alleges he was discriminated against because of his race in the workplace. Plaintiff brought an action in 2006, which this Court dismissed. See <u>Eddie Johnson v. U.S. Postal Services, et al.</u>, Civil Action No. 06-cv-1275, 2007 WL 1946661 (D.N.J. 2007). A full recitation of the facts can be found therein. Plaintiff appealed that decision to the United States Court of Appeals for the Third Circuit, and was dismissed for failure to timely prosecute. The subject lawsuit is based on the same claims and against the same parties as the original action, with the exception of two additional named Defendants and an additional claim seeking review of the arbitrator's May 7, 2007 decision. Plaintiff brought the subject lawsuit in the Superior Court of New Jersey, Passaic County on September 12, 2007. That action was removed to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §1442 on October 15, 2007. Defendants were granted an extension of time to answer or otherwise respond to Plaintiff's Complaint. Thereafter, the Postal Defendants and the Union Defendants moved to dismiss Plaintiff's Complaint, or in the alternative for summary judgment. Both the Postal Defendants and the Union Defendants move to dismiss Plaintiff's Complaint on the basis of claim preclusion, issue preclusion and that review of the arbitrator's decision is time barred, but if the arbitrator's decision was reviewed on the merits, Plaintiff fails to allege facts sufficient to vacate the arbitrator's decision.

Plaintiff fails to make specific allegations regarding Defendant Potter, the Postmaster General, but rather, adds Defendant Potter to the first paragraph of each Count in the Complaint when addressing all Defendants. (Complaint, generally). Plaintiff also fails to explain why he named Christopher Christie, U.S. Attorney as a defendant in the subject lawsuit. Defendant Christie is only mentioned in the caption of the Complaint and subsequent pleadings. Plaintiff repeats all of the allegations in his original complaint, which this Court dismissed in June 2007 and only adds that he is seeking review of the arbitrator's decision, which affirmed the dismissal of Plaintiff's claims. Plaintiff argues that Defendants' motions should be denied because no discovery has been conducted and granting Defendants' motions would violate procedural due process, but does not explain this assertion. As this Court stated in its Opinion dismissing Plaintiff's first action, Plaintiff's request for additional discovery would not assist him in litigating facially deficient claims. See Johnson, 2007 WL 1946661 *3.

## II.   STANDARD OF REVIEW

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff. See Warth v. Seldin, 422 U.S. 490, 501 (1975); Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc., 140 F.3d 478, 483 (3d Cir.1998). If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears beyond doubt that no relief could be granted "under any set of facts which could prove consistent with the allegations," a court shall dismiss a complaint for failure to state a claim. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Additionally, the Supreme Court recently clarified the Rule 12(b)(6) standard in Bell Atlantic Corporation v. Twombly. 127 S. Ct. 1955 (2007). Specifically, the Court "retired" the language contained in Conley v. Gibson, 355 U.S. 41, (1957), that "a complaint should not be dismissed for

failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief." Id. at 1968 (citing Conley, 355 U.S. at 45-46). Instead, the Supreme Court instructed that "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

Ordinarily, a 12(b)(6) motion must be decided only upon the allegations set forth in the complaint, without considering any outside documents or available facts. If on a 12(b)(6) motion to dismiss, a party "presents matters outside the pleadings, the district court must convert the motion to dismiss into a motion for summary judgment, and give all parties a reasonable opportunity to present all material pertinent to such a motion under Rule 56." In re Bayside Prison Litig., 190 F. Supp. 2d 755, 760 (D.N.J. 2002). In deciding a 12(b)(6) motion to dismiss, the district court may only consider the complaint and limited categories of documents in order to "protect plaintiffs against, in effect, summary judgment by ambush." Id. (citing Bostic v. AT & T of the Virgin Islands, 166 F. Supp. 2d 350, 354-55 (D.V.I. 2001)). However, conversion to a motion for summary judgment is not required when a district court considers the following documents: (1) matters attached to the complaint; (2) matters incorporated into the pleadings by reference; (3) matters of public record; (4) matters integral to or upon which plaintiff's claim is based." In re Bayside, 190 F. Supp. 2d at 760 (internal citations omitted). The Third Circuit allows district courts to consider such documents because "neither party can claim prejudice or surprise by the court's reliance on the document." Id.

## III. DISCUSSION

As noted above, Plaintiff's Complaint in this action is the same Complaint filed in Eddie Johnson v. U.S. Postal Services, et al., Civil Action No. 06-cv-1275, 2007 WL 1946661 (D.N.J.

2007), except that Plaintiff adds two defendants and seeks review of the arbitrator's decision which affirmed this Court's dismissal of Plaintiff's Complaint.  As such, the majority of Plaintiff's Complaint in the subject action is dismissed on *res judicata* grounds, as this Court made a final judgment on the merits with respect to each of Plaintiff's claims.  Plaintiff, in opposition to Defendants' motions to dismiss and for summary judgment, claims that the issue before the Court in the subject action is to determine whether the original grant of summary judgment to Defendants was proper.  This Court will not entertain the idea of revisiting its prior decision under the guise of a new cause of action.

When an issue of law or fact is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same issue or a different claim. See Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc., 458 F.3d 244, 249 (3d Cir. 2006).  All of Plaintiff's claims in the subject action have already been decided and those determinations bar relitigation of those claims[3], with the exception of Plaintiff's claim regarding the Union's handling of his termination, as that claim was not ripe for determination in Plaintiff's original action. See Johnson, 2007 WL 1946661 *13.  As such, Counts One, Two, Three, Five, Six, Seven, Eight and Nine of Plaintiff's Complaint are barred by *res judicata* as these claims have already been determined by this Court. Plaintiff does not raise additional issues regarding these claims in his opposition to Defendants' motions to dismiss, or alternatively for summary judgment.

The only remaining claim to be determined from Plaintiff's Complaint in the subject action

---

[3]See Eddie Johnson v. U.S. Postal Services, et al., Civil Action No. 06-cv-1275, 2007 WL 1946661 (D.N.J. 2007).

is Count Four, which alleges that Defendants conspired to violate his right to the Federal Arbitration Act, 9 U.S.C. § 10.  Plaintiff alleges that the arbitrator's decision was fraudulent because he did not have meaningful representation by the Union and that he was mis-guided by ineffective assistance of counsel. (Comp. ¶29,30).  This Court agrees with the Postal Defendants' analysis of why Count Four should be dismissed; Plaintiff has not set forth sufficient grounds to vacate the arbitrator's decision and his request for same is untimely. The date of the arbitration award was May 7, 2007 and Plaintiff did not file his Complaint in Superior Court until September 12, 2007. The Federal Arbitration Act imposes a three month time limit for challenging arbitration awards. See 9 U.S.C. §12. The arbitration resulted in denying Plaintiff's grievance regarding his termination from employment.  Plaintiff is simply unhappy with the arbitrator's decision, which is not an enumerated ground for this Court to review same. See 9 U.S.C. §10. Judicial review of an arbitration award has been characterized as among the narrowest in the law. See Union Pac. R.R. v. Sheehan, 439 U.S. 89, 91 (1978).  If courts permit parties who loose in arbitration to relitigate their cases in court, arbitration will do nothing to reduce congestion in the judicial system; dispute resolution will be slower; and reaching a final decision will cost more instead of less. See B.L. Habert Intern., LLC v. Hercules Steel Co., 441 F.3d 905, 907 (11th Cir. 2006).

Plaintiff argues that this Court should review the arbitrator's decision because said arbitration was the result of fraud, but does not expand on the allegations of fraud.(Comp. ¶30).  Rather, in opposition, Plaintiff admits that a plaintiff needs to give fair notice of his claims so that a defendant can respond, engage in discovery and prepare for trial. (Pl.'s Br. pp. 18-19). Plaintiff has not set forth a sufficient claim of fraud to which Defendants would be able to respond.  As such, Plaintiff's claim that the arbitrator's decision was the result of fraud is dismissed under Rule 8.

Ineffective assistance of counsel is not a reason to review an arbitrator's decision. 9 U.S.C. §10. Furthermore, Plaintiff signed a Waiver of Responsibility, releasing the Union from any liability surrounding Plaintiff's representation, as Plaintiff hired his own attorney.[4] Plaintiff brought suit against his attorney in another action, (Pl.'s Br. p. 27), so ineffective assistance of counsel is not properly before this Court and that claim is therefore dismissed.

The final two paragraphs of Count Four again raise allegations that Plaintiff's hostile working environment forced him to take medical leave pursuant to the Family and Medical Leave Act ("FMLA"). As determined in this Court's original Opinion, Plaintiff fails to cite which provisions of the FMLA under which he is seeking relief and this claim for relief fails to satisfy the Rule 8 pleading standard, requiring a short and plain statement upon which relief can be granted. The vague wording of this Count fails to put Defendants on notice of the nature of Plaintiff's claim. See Johnson, 2007 WL 1946661 *9. Therefore, the remainder of Count Four is also dismissed on *res judicata* grounds.

**IV**.   <u>CONCLUSION</u>

For the reasons stated, it is the finding of this Court that Defendants' motions to dismiss are **granted**. An appropriate Order accompanies this Opinion.

  S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:        June   26  , 2008
Orig.:       Clerk
cc:          Counsel of Record
             The Honorable Mark Falk, U.S.M.J.
             File

---

[4] Union Defendants' Motion to Dismiss, Ex. 5